FILED
2/12/2021 2:16 PM
Kelly Ashmore
District Clerk
Grayson County

CV-21-0186

Cause No. _____

| | | |
|---|---|---|
| Ross Brown, | § | In the District Court |
| Plaintiff | § | |
| | § | Grayson County - 59th District Court |
| V. | § | |
| | § | _____ Judicial District |
| | § | |
| Dolgencorp of Texas, Inc. dba | § | |
| Dollar General, | § | |
| Defendant. | § | Grayson County, Texas |

## PLAINTIFF'S ORIGINAL PETITION

**To the Honorable Judge of Said Court:**

Now Comes Ross Brown, hereinafter called Plaintiff, complaining of and about Dolgencorp of Texas, Inc., hereinafter called Defendant, and for cause of action would show unto the Court the following:

### Discovery Control Plan Level

1.    Plaintiff intends that discovery be conducted under Discovery Level 2.

### Parties and Service

2.    Plaintiff Ross Brown is an individual residing in Sherman, Texas.

3.    Defendant Dolgencorp of Texas, Inc. is a foreign corporation doing business in the State of Texas as Dollar General and may be served with process by serving its registered agent: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### Jurisdiction and Venue

4.    The subject matter in controversy is within the jurisdictional limits of this court.

5.    This court has jurisdiction over Defendant Dolgencorp of Texas, Inc. because said

Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Dolgencorp of Texas, Inc. will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

6.      Plaintiff would show that Defendant Dolgencorp of Texas, Inc. had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

7.      Venue in Grayson County is proper in this cause under Section 15.002(a)(1) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## Facts

8.      At all times relevant to this cause, Plaintiff was a business invitee at Dollar General Store #10639, located at 1706 E. Lamar Street, Sherman, Texas 75090.

9.      On or about February 28, 2019, Ross Brown visited at Dollar General Store #10639, located at 1706 E. Lamar Street, Sherman, Texas 75090 where he slipped and fell on a slick walkway.

## Liability

10.      On or about February 28, 2019 and at all times mentioned herein, Defendant Dolgencorp of Texas, Inc. was the possessor of the property in question and either owned, occupied or maintained the premises located at 1706 E. Lamar Street, Sherman, Texas 75090 as a Dollar General.

11.      At all times mentioned herein, Defendant Dolgencorp of Texas, Inc. had such control over the premises in question that Defendant Dolgencorp of Texas, Inc. owed certain duties to

Plaintiff, the breach of which proximately caused the injuries set forth herein.

12.    Defendant Dolgencorp of Texas, Inc., Defendant's agents, servants, and employees negligently created a dangerous condition by applying slippery paint to an exterior surface, negligently or willfully allowed such condition to continue and/or negligently or willfully failed to warn Plaintiff of the condition. This condition existed despite the fact that Defendant Dolgencorp of Texas, Inc. or Defendant's agents knew or should have known of the existence of the aforementioned condition and that there was likelihood of a person being injured as occurred to Plaintiff.

13.    At all times pertinent herein, Defendant Dolgencorp of Texas, Inc., and any of Defendant's agents, who were acting in the scope of their employment, were guilty of negligent conduct toward the Plaintiff in:

   a.    Creating a condition on the premises which posed an unreasonable risk of harm to individuals such as Plaintiff;

   b.    Permitting an unreasonably dangerous condition with Defendant knew, or in the exercise of ordinary care should have known about, to exist on the premises in areas which Defendant knew that persons such as Plaintiff were likely to suddenly and unexpectedly encounter without warning and that constitute a slip or fall hazard and risk of personal injury;

   c.    In failing to timely remedy the condition to prevent a slip or fall hazard;

   d.    In failing to warn Plaintiff of the condition on the premises which posed an unreasonable risk of harm to individuals such as Plaintiff; and

   e.    In failing to make safe a condition on the premises which Defendant knew, or in the exercise of ordinary care should have known, posed an unreasonable risk of harm to individuals such as Plaintiff.

14.    Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the

injuries and damages set forth below.

## Damages

15.     As a direct and proximate result of the occurrence made the basis of this lawsuit, and

Defendant's acts as described herein, Plaintiff was caused to suffer and to incur the damages more

fully set forth below:

A.     Reasonable medical care and expenses in the past;

B.     Reasonable and necessary medical care and expenses which will in all
reasonable probability be incurred in the future;

C.     Physical impairment in the past and in the future; and

D.     Mental anguish and physical pain and suffering in the past and in the
future.

16.     For the purpose of complying with Rule 47, Plaintiff states that he seeks monetary

relief over $1,000,000; however, it is within the jury's discretion to determine Plaintiff's damages.

## Jury Demand

17.     Plaintiff hereby demands a trial by jury on all issues herein and tenders the

appropriate jury fee with this original petition

## Prayer

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Defendant

be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be

entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits

of the Court; pre-judgment interest (from the date of injury through the date of judgment) at the

maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such

other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

BILL KENNEDY LAW, PLLC

/s/ Joan E. Ballard

**William P. Kennedy**
Texas Bar No. 24067347
Email: bill@billkennedylaw.com
**Joan E. Ballard**
Texas Bar No. 24058803
Email: jballard@billkennedylaw.com
121 S. Austin Avenue
Denison, Texas 75020
Tel. (972) 939-4878
Fax. (972) 939-6878
**Attorneys for Plaintiff**