UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ROSS BROWN | § | |
| | § | |
| v. | § | CIVIL NO. 4:21-CV-270-SDJ |
| | § | |
| DOLGENCORP OF TEXAS, INC. | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On June 16, 2022, the Magistrate Judge entered a Report and Recommendation ("Report"). (Dkt. #43). In the Report, the Magistrate Judge recommended that Defendant Dolgencorp of Texas, Inc.'s Motion for Summary Judgment, (Dkt. #22), be granted. Plaintiff Ross Brown filed Objections. (Dkt. #44).

The Court has conducted a de novo review of the Objections and the portions of the Report to which Brown specifically objects, and the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and that the Objections are without merit as to the ultimate findings of the Magistrate Judge. The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

**I. BACKGROUND**

This lawsuit arises out of a slip and fall accident outside of a building Dolgencorp leased from Sherman Investments of WA LLC ("Landlord"). Dolgencorp only leased the building, not the areas outside of the building, and the lease provides

1

that the Landlord "shall maintain at its cost and expense in good condition and shall perform all necessary maintenance, repair, and replacement to the exterior of the Demised Premises including, but not limited to, . . . all paved . . . areas." (Dkt. #22-1 at 10). Dolgencorp operated a Dollar General out of the building. Dolgencorp displayed some merchandise on the paved area outside of the Dollar General, and Dollar General employees regularly swept the parking lot and sidewalk.

On February 26, 2019, Plaintiff Ross Brown slipped and fell on a painted ramp ("Walkway") outside of the Dollar General. The Walkway connects the entrance of the Dollar General to the parking lot. Brown contends that "slippery paint" on the Walkway caused his fall. (Dkt. #4 ¶ 12). After Brown fell, store manager Thornton Thomas had a mat placed on the Walkway. Nearly two years after his fall, Brown sued Dolgencorp, seeking to recover under a theory of premises liability.

In light of the pleadings, arguments, and applicable law, the Report recommends that Dolgencorp's motion for summary judgment should be granted and that Brown's claims against Dolgencorp should be dismissed. The Magistrate Judge reached this conclusion after finding that Dolgencorp neither contractually nor actually controlled the Walkway.

## II. DISCUSSION

Brown objects to the Magistrate Judge's conclusion on two grounds. First, Brown argues that there is a fact issue as to whether Dolgencorp controlled the Walkway. Second, Brown contends that there is a fact issue as to whether Dolgencorp's control of the Walkway was related to Brown's injury. The Court finds

2

that neither objection is meritorious and that there is no issue of material fact preventing the granting of summary judgment.

**A. Control of the Walkway**

To establish premises liability, "[t]he plaintiff has the burden of proving that the injury occurred on premises owned or occupied by the defendant." *Strunk v. Belt Line Rd. Realty Co.*, 225 S.W.3d 91, 98 (Tex. App.—El Paso 2005, no pet.). "[A] premises-liability defendant may [also] be held liable for a dangerous condition on the property if it assumed control over and responsibility for the premises, even if it did not own or physically occupy the property." *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 473 (Tex. 2017) (first alteration in original) (quotation omitted). "Control can be proven by either a contractual agreement expressly assigning the right of control or an actual exercise of control." *Cohen v. Landry's Inc.*, 442 S.W.3d 818, 824 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (citation omitted); *see also Wal-Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 324 (Tex. 1993) ("A lessee is responsible for those areas adjacent to the demised premises which it actually controls.").

Brown objects to the Magistrate Judge's finding that Dolgencorp did not control the Walkway. Neither party argued that the lease assigned the right of control to Dolgencorp, so the only issue is whether Dolgencorp actually controlled the Walkway. Brown raises several arguments in support of his objection that there is a fact issue as to Dolgencorp's actual exercise of control. First, he argues that Thomas testified that he and other Dollar General employees—and no one else—assumed responsibility for day-to-day routine maintenance in front of the building and in the

3

parking lot.[1] Second, Brown argues that Dolgencorp displayed merchandise outside of the Dollar General store without first requesting permission from the Landlord. The Magistrate Judge considered and rejected both arguments. As the Report correctly states, "this evidence goes to whether [Dolgencorp] controlled the outdoor areas adjacent to the Walkway—not the Walkway itself." (Dkt. #43 at 9). Control over adjacent areas is insufficient to create a fact issue as to control over the area where the injury occurred. *See, e.g.*, *Univ. of Hous. v. Sterling Bank*, 963 S.W.2d 93, 95 (Tex. App.—Houston [14th Dist.] 1997, pet. denied) (finding lack of control where the plaintiff slipped and fell in a common area not controlled by the bank, even though her hand was touching the door of the bank when she fell).

Third, Brown contends that Dolgencorp "*normally* placed rugs on the [W]alkway to increase traction *before* Plaintiff's fall . . . *and after* Plaintiff fell." (Dkt. #44 at 4). In support of his contention that Dolgencorp "normally" placed rugs on the Walkway prior to Brown's fall, Brown points to Thomas's deposition testimony. But the cited testimony does not support Brown's assertion. Thompson testified that, prior to Brown's fall, the mat was "traditionally placed" "*behind* the [Walkway] area." (Dkt. #23-1 at 17 (emphasis added)).

Regarding the testimony that Dollar General began placing a mat on the Walkway after Brown's fall, the Court agrees with the Report's conclusion that this temporary remedial measure is insufficient to create a material fact issue as to

---

[1] Read in context, the deposition testimony that Brown cites in support of this contention demonstrates that Dollar General employees would sweep and remove trash from the outside areas, while the Landlord "took care of 100 percent of all maintenance outside the building." (Dkt. #23-1 at 15).

4

control.² *See* (Dkt. #43 at 10 (citing, among others, *Cohen*, 442 S.W.3d at 824–25; *Strandberg v. Spectrum Off. Bldg.*, 293 S.W.3d 736, 741 (Tex. App.—San Antonio 2009, no pet.)). Brown argues that the ruling in *Strandberg* supports his position because adding anti-skid strips to a sidewalk is akin to placing a mat on the Walkway. *See* 293 S.W.3d at 741. But the anti-skid strips applied to the sidewalk in *Strandberg* are less temporary than the mat briefly placed on the Walkway in this case. Moreover, the determination in *Strandberg* that there was a fact issue as to control was supported by the lease agreement. *See id.* Unlike in *Strandberg*, the lease in this case indicates that the Landlord controls the Walkway. And the Landlord here exercised actual control, as evidenced by the fact that the Landlord painted the walkway before Brown fell, (Dkt. #22-1 at 3–4); (Dkt. #23-1 at 15, 20), and repainted the Walkway after Brown's fall, (Dkt. #23-1 at 18). These actions comport with the lease, which requires the Landlord to maintain all paved areas outside of the building.

Fourth, Brown argues that the Report cites only one unpublished Texas Court of Appeals case to support its recommendation and that the facts in that case do not support the conclusion reached in this case. But *Midkiff v. Hancock East Texas Sanitation, Inc.*, No. 09-97-351, 1999 WL 1044353, at *1 (Tex. App.—Beaumont

---

² Brown also seems to partially misunderstand the Report's conclusion with respect to the placement of the mat in the Walkway after Brown's fall. Brown argues that the Report erroneously concluded that the placement of the mat was an inadmissible subsequent remedial measure. But the Report made no such determination. The Magistrate Judge considered the subsequent remedial measure and appropriately found that it was not sufficient evidence of control. *See* (Dkt. #43 at 10–11 ("[Dolgencorp's] temporary placement of the mat on the Walkway falls far short of the more permanent remedial measures that courts have considered to be evidence of control.")). To the extent Brown believes that Federal Rule of Evidence 407 stands for the proposition that all subsequent remedial measures prove control, he is incorrect. Rule 407 merely governs the admissibility of evidence.

Nov. 18, 1999, no pet.), is far from the only case cited in support of the Magistrate Judge's determination that Dolgencorp lacked control over the Walkway. Further, the Report does not rely on *Midkiff* as binding legal precedent. "Cases that are not designated for publication are . . . persuasive." *Headington Royalty, Inc. v. Finley Res., Inc.*, 623 S.W.3d 480, 491 n.10 (Tex. App.—Dallas 2021, pet. filed) (citing TEX. R. APP. 47.7(b)); *see also 5636 Alpha Rd. v. NCNB Tex. Nat'l Bank*, 879 F.Supp. 655, 663 n.11 (N.D. Tex. 1995) ("The court does not deem itself bound to follow the [unpublished] decision, but cites it only for its application of Texas law."). The Report appropriately cites *Midkiff* as a factually analogous case. But nowhere does the Report reflect that the Magistrate Judge treated *Midkiff* as binding precedent that dictates the outcome in this case. The Court finds that the Magistrate Judge appropriately cited *Midkiff* and that the binding and persuasive legal precedent cited in the Report amply supports the Magistrate Judge's conclusion.

As to Brown's argument that *Midkiff* is factually dissimilar, the Court disagrees. Brown contends that the crucial distinction between *Midkiff* and this case is that in *Midkiff*, only employees used the alleyway where the injury occurred. By contrast, in this case, both employees and customers used the Walkway. This is a distinction without a difference. The *Midkiff* plaintiff fell after stepping on a concrete block placed in a hole in the alleyway behind a Dollar General store, which the defendant leased. 1999 WL 1044353, at *1. The only evidence of control was the fact that Dollar General employees used the alleyway to take out the trash. *Id.* at *7. The court affirmed the grant of summary judgment to the defendant because "Midkiff did

6

not provide any summary judgment response evidence that indicates that Dolgencorp took actual control over any physical alterations, maintenance, or repairs of the portion of the alleyway where Midkiff sustained his injuries." *Id.* Further, there was "no evidence as to who placed the concrete block in the hole." *Id.* Here, as in *Midkiff*, the Landlord controlled alterations, maintenance, and repair of the Walkway, and there is no evidence that Dolgencorp took any affirmative actions to create the dangerous condition. Thus, on the important facts, *Midkiff* and the instant case are similar.

**B. Relationship Between the Injury and the Control**

For a defendant to be held liable under a theory of premises liability based on control, the control "must relate to the condition or activity that caused the injury." *Cohen*, 442 S.W.3d at 824 (citation omitted); *see also County of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex. 2002) ("The relevant inquiry is whether the defendant assumed sufficient control over the part of the premises that presented the alleged danger so that the defendant had the responsibility to remedy it."). Brown objects that the Magistrate Judge erred in finding that Dolgencorp did not control the Walkway because any control Dolgencorp exercised over areas outside of the leased building did not relate to the slippery walkway, which is the condition that caused Brown's injury. Brown asserts two arguments in support of this objection. The Court rejects both.

First, Brown contends that the Magistrate Judge's conclusion is based on erroneous reliance on and application of *Midkiff*, *Strandberg*, and Federal Rule of

7

Evidence 407. The Court addressed this argument above. The Magistrate Judge appropriately cited to and analyzed *Midkiff* and *Strandberg*, and the Court finds that both cases support the conclusion reached in the Report. And the Magistrate Judge did not improperly apply Rule 407, which states that evidence of subsequent remedial measures is admissible to prove control. The Magistrate Judge considered evidence of Dolgencorp's subsequent remedial measure (the mat placed on the Walkway) and determined that such evidence did not give rise to a fact issue as to control.

Second, Brown argues that Dolgencorp controlled areas outside of the store by placing merchandise outside of the store "by using the [W]alkway" and by taking measures to ensure that the Walkway was safe. (Dkt. #44 at 8 (emphasis omitted)). The Court agrees with the Report's determination that the evidence does not show Dolgencorp's control of any outdoor area related to the slippery paint on the Walkway, which caused Brown's injury. Neither placing merchandise outside the store nor temporarily placing a mat on the Walkway suffices to show that Dolgencorp "assumed sufficient control over the part of the premises that presented the alleged danger so that [Dolgencorp] had the responsibility to remedy it." *Brown*, 80 S.W.3d at 556. Instead, as discussed above, the Landlord controlled the painting of the Walkway both before and after Brown's fall.

### III. CONCLUSION

Based on the foregoing, the Court finds that Brown's Objections, (Dkt. #44), are **OVERRULED**.

Dolgencorp's Motion for Summary Judgment, (Dkt. #22), is hereby **GRANTED**.

It is hereby **ORDERED** that Brown's claims against Dolgencorp are **DISMISSED WITH PREJUDICE**.

**So ORDERED and SIGNED this 15th day of July, 2022.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE